**PAULETTE L. STEWART**
Assistant U.S. Attorney
U.S. Attorney's Office
901 Front Street, Suite 1100
Helena, MT 59626
Phone: (406) 457-5120
FAX: (406) 457-5130
Email: paulette.stewart@usdoj.gov

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BUTTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, vs. **WILLIAM ORVILLE DESHAW III,** Defendant. | CR 21-30-BU-DLC **GOVERNMENT'S SENTENCING MEMORANDUM** |

The United States of America, represented by Assistant U.S. Attorney Paulette L. Stewart, files this sentencing memorandum in compliance with the Court's sentencing order. *See* Doc. 13.

DeShaw entered a guilty plea to false statement during a firearms transaction in violation of 18 U.S.C. § 922(a)(6) as charged in the information. His calculated advisory guideline range is 30 to 37 months imprisonment followed by three years

1

of supervised release, based on a total offense level of 17 and a criminal history category of III. PSR ¶ 84. He faces a maximum penalty of ten years' imprisonment.

The defendant objects to the base offense level of his advisory guideline range because he has a prior conviction for a drug trafficking offense. See PSR ¶¶ 21, 33, and Addendum. He also seeks the sporting reduction based solely on the type of firearm he sought to purchase. These objections should be overruled and will be addressed below.

Pursuant to the plea agreement, the United States recommends a low-end sentence. Doc. 4 at 6.

## PSR OBJECTION

The defendant objects to paragraphs 21, 30, and 84 – which all relate to the defendant's conviction for felony criminal possession of dangerous drugs with the intent to distribute from case number DC-2011-02 in Blaine County. PSR Addendum. First, the defendant objects to the base offense level of 20 pursuant to USSG §2K2.1(a)(4)(A) because he has a controlled substance offense conviction. Second, based solely on the type of firearm sought to be purchased – a cheap .22 rifle – he wants the sporting reduction pursuant to USSG §2K2.1(b)(2) – and a base offense level of 6. *Id*.

The probation officer's response in rejecting the defendant's argument is correct. See PSR Addendum. A defendant must plead guilty before he gets a deferred sentence state-side. That is contrasted with a deferred prosecution where there is no guilty plea; charges either are not filed or dismissed after successful completion of conditions. Deferred sentences generally stay on your record; they are just reflected as such, not automatically expunged. See § 46-18-204 MCA.

> As the Montana Supreme Court notes in *State v. Thibeault*:
>
> Originally, the 1967 Criminal Code simply provided for dismissal of the charge *on motion after successful completion of the deferred sentence*. Section § 95-2207, RCM (1947) (1967 Mont. Laws ch. 196, § 1). The 1987 Legislature later provided for complete expungement of "the defendant's record" on the dismissal. Section 46-18-204, MCA (1987 Mont. Laws ch. 147, § 1). The 1989 Legislature then eliminated complete expungement on dismissal and replaced it with classification of all related records and information regarding the conviction as "confidential criminal justice information," restricted from "public access" except upon district court order on "good cause shown." Section 46-18-204, MCA (1989 Mont. Laws ch. 463, § 1).

490 P.3d 105, n. 7 (emphasis added). Here, there has been no expungement because that is not what happens and there has been no motion as noted by the probation officer. There is no order from the district court.

On November 15, 2011, the defendant received a three-year deferred sentence on the offense of criminal possession of dangerous drugs with the intent to distribute in violation of § 45-9-103 MCA (2009). Exhibit 1, Blaine County Order of Judgment and Sentence. According to the Deputy Clerk of Court in

3

Blaine County, there is no record of the case being dismissed or expunged after the completion of his sentence. Exhibit 2, Emails from Blaine County Deputy Clerk. According to their records, "the last thing filed was the Remittitur-From Supreme Court on January 4, 2013." *Id*.

The base offense level is correctly calculated at 20 and the sporting reduction does not apply.

### 3553(a) FACTORS

The 3553(a) sentencing factors support a sentence at the low-end of the advisory guideline range followed by three years of supervised release.

### Nature and circumstances of the offense.

The offense conduct is summarized in the PSR. *See* PSR ¶¶ 9-16 and Doc. 3. On June 11, 2020, William Orville DeShaw III attempted to purchase an Armcor .22 caliber semi-automatic rifle at Murdoch's Home and Ranch Supply – Four Corners in Bozeman, Montana. The transaction was delayed and ultimately denied because DeShaw is the respondent to a 2019 permanent order of protection against him that protects an intimate partner as defined by federal law.

### The history and characteristics of the defendant.

DeShaw is a 37-year-old man with four scored criminal history points, although there are seven offenses that received one criminal history point. PSR ¶¶ 33-42.

As noted above, at age 26, the defendant was convicted of criminal possession of dangerous drugs with the intent to distribute (marijuana) in the Blaine County District Court. PSR ¶ 33. He entered a guilty plea and received a three-year deferred sentence. In imposing its sentence, the court noted DeShaw's lack of criminal history, his willingness to be held accountable, his cooperation in the preparation of the Presentence Investigation Report, his family, his work history, his work ethic, and his ability to pay the fines and fees. See Exhibit 1 at 5.

At age 30, he was convicted of misdemeanor obstructing a peace officer in the Butte Municipal Court. PSR ¶ 34. He received a six-month suspended sentence. He was also convicted of misdemeanor criminal possession of drug paraphernalia in the Bozeman Municipal Court and the Jefferson County Justice Court. PSR ¶¶ 35-36. He received a six-month deferred sentence in Bozeman and received a fine in Boulder.

At age 31, the defendant was convicted of misdemeanor disorderly conduct in the Jefferson County Justice Court where he received a suspended jail sentence as well as a fine and restitution. PSR ¶ 37. He was arrested for PFMA and this incident appears related to the order of protection issued against him. The victim reported that he was likely intoxicated and high during the assaults.

Also, at age 31, the defendant was convicted of operating a vehicle with an expired registration and while under the influence of THC in the Jefferson County

Justice Court where he received a fine and suspended jail sentence. PSR ¶ 38. In the Deer Lodge County Justice Court, he was convicted of misdemeanor criminal possession of drug paraphernalia and misdemeanor criminal possession of dangerous drugs – 60 grams or less of marijuana. PSR ¶ 39. He received suspended jail sentences and fines for each count. In the Belgrade City Court, the defendant was convicted of misdemeanor theft where he was sentenced to 180 days jail with all but four days suspended and fined. PSR ¶ 40.

At age 32, DeShaw was convicted of misdemeanors in violation of a protection order and contempt of court in the Gallatin County Justice Court. PSR ¶ 41. He was sentenced to 180 days in jail with all but 172 days suspended. This incident appears to involve the same protected person in the order of protection.

The defendant lives on the same property as his parents and works for their company. PSR ¶ 52. He denied any form of abuse growing up and did not report any negative experiences. PSR ¶ 55. He home schools his son. PSR ¶ 57. He denied any mental or emotional health issues. PSR ¶ 61. His sister believes that he would benefit from grief counseling. *Id*. It appears that he was previously diagnosed with depression and anxiety. PSR ¶ 62.

DeShaw began drinking alcohol around age 10 and drank sporadically since that time including daily use at times. PSR ¶ 63. His alcohol consumption caused family issues in the past and he last consumed alcohol during the summer of 2021.

He began using marijuana around age 10. PSR ¶ 64. He was introduced by his brother and friend, and then stole it from his brother. His use graduated from weekly use to daily use. His medical marijuana card expired, and he last used the drug in September 2021.

DeShaw began using methamphetamine at age 14 and used the drug off and on with his last use in the summer of 2020. PSR ¶ 65. He also tried cocaine, kratom, hallucinogens, acid, and psilocybin mushrooms. PSR ¶¶ 66, 68-69.

He became addicted to his oxycodone prescription and switched to heroin. PSR ¶ 67. This was his drug of choice and listed several issues from his use. He also lost friends to heroin overdoses. He last used this drug in the summer of 2020.

His mother and his sister both describe DeShaw as an addict. PSR ¶ 70. He enrolled in MCDC in 2015 but left after three days to try a different way to quit using heroin. PSR ¶ 71. He entered a methadone program and has not provided a dirty drug test through 2021.

The defendant does not have his high school equivalency degree. PSR ¶ 72. He works for his parents' company, Yellowstone Western Tours, maintaining vehicles as well as helping on the family farm. PSR ¶ 73. In return, he is paid modestly and his parents pay all of his bills.

Before that, he worked for several fencing and concrete businesses. PSR ¶ 74. One prior employer described the defendant as an addict, would not give him a

7

good recommendation, and would not rehire him unless he got his act together and was clean. PSR ¶ 75. A second prior employer similarly described the defendant. PSR¶ 76.

The defendant does not manage his money so his parents do the best they can by only paying him a couple hundred dollars at a time so he cannot spend it all at once. PSR ¶ 81. It appears that the defendant does not have the ability to pay a fine within the guideline range. PSR ¶ 82.

**The need for the sentence imposed to reflect the seriousness of the offense.**

A low-end sentence would reflect the seriousness of the offense.

**Promote respect for the law.**

The defendant appears to have little respect for the law.

**Provide just punishment for the offense.**

A sentence at the low-end of the advisory guideline range followed by three years of supervised release would be just punishment for this offense.

**Afford adequate deterrence to criminal conduct.**

A sentence at the low-end of the advisory guideline range followed by three years of supervised release may deter the defendant from further criminal conduct.

**Protect the public from further crimes of the defendant.**

A sentence at the low-end of the advisory guideline range followed by three years of supervised release may protect the public from further crimes by the defendant.

**Provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

The special conditions of supervision seem appropriate for the defendant. PSR ¶ 100-.

Respectfully submitted this 1st day of February 2022.

>LEIF M. JOHNSON
>United States Attorney
>
>*/s/ Paulette L. Stewart*
>Assistant U.S. Attorney
>Attorney for Plaintiff