IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM ORVILLE DESHAW, III,<br><br>Defendant. | CR 21-30-BU-DLC<br><br>ORDER |

On March 25, 2025, the Court held a detention hearing in this matter. Mr. DeShaw filed a brief in support of his motion for a detention hearing, arguing that the Court lacks authority to detain Mr. DeShaw under the law, as such detention is prohibited by the Non-Detention Act (18 U.S.C. § 4001(a)). (Doc. 63). The Court heard argument from both Mr. DeShaw's counsel and the Government, and detained Mr. DeShaw pending his final revocation hearing.

**DISCUSSION**

Until recently, *United States v. Loya*, 23 F.3d 1529 (9th Cir. 1994) was the undisputed North Star of issues relating to detention or release following an initial appearance on a supervised release violation. In *Loya*, the Ninth Circuit confirmed that if a defendant sought release pending the final revocation hearing, the court

"shall determine the person's eligibility for release under the standards of release set forth in 18 U.S.C. § 3143." *Loya*, 23 F.3d at 1531. Indeed, this Court has relied on *Loya* and its guidance when determining whether a defendant is eligible for release in supervised release cases. Fed. R. Crim. P. 32.1, which governs revocation proceedings, mirrors *Loya* and specifies that "[t]he magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings." Fed. R. Crim. P. 32.1(a)(6). However, a recent district court opinion from the District of Connecticut has called into question the court's authority to detain any defendants at an initial appearance on a supervised release revocation petition.

In *United States v. Mercado*, 2025 WL 297429 (D. Conn. Jan. 24, 2025), the court noted that the Non-Detention Act prohibits the imprisonment of a United States citizen unless authorized by an Act of Congress. *Mercado*, * 1. The court looked to § 3143, and determined that it does not apply to supervised release proceedings because the defendant has not been found guilty of an offense (ostensibly the alleged violation) and is not awaiting imposition of that sentence. The court determined that, in order to avoid double jeopardy issues, § 3143(a) could only stand for the proposition that a revocation sentence is for a "new" offense, i.e. the violation of release conditions. *Mercado*, * 4. A defendant would not be guilty of such new offense until the final revocation hearing determines the

outcome, thus rendering § 3143(a) inapplicable under this theory. The court then stated it logically followed that if a defendant has not yet been found guilty of the new offense, he could not be waiting imposition of a sentence on that new offense. *Mercado*, * 4-5. Ultimately, the court determined that neither Rule 32.1 nor § 3143(a) authorized detention of persons on supervised release until and unless there is a final determination that a violation of conditions has been committed. *Mercado*, * 7.

*Mercado*'s novel holding upends decades of established procedures, and understandably, has resulted in inconsistent application.[1] Some courts have agreed with *Mercado*'s reasoning and determined that they lack authority to detain individuals alleged to have violated conditions of supervised release. *See, e.g. U.S. v. Wade*, 2025 WL 786383 (W.D.N.Y March 3, 2025) and *U.S. v. Taylor*, 2025 WL 914064 (W.D.N.Y. March 26, 2025). Other courts have disagreed with *Mercado*, albeit for a variety of reasons. *See e.g. U.S. v. Malta*, 09-CR-6018-MAV-1 (W.D.N.Y Feb. 18, 2025)(supervised release flows from original sentence, thus defendant is awaiting imposition of sentence); *U.S. v. Phillips*, 2025 WL 484706 (W.D. Wash. Feb. 13, 2025)(Judiciary Act of 1789 provides inherent

[1] At the detention hearing, counsel for DeShaw noted that the authority to detain was not specifically determined in *Loya*, and the Court agrees. The parties in *Loya* assumed the court had the authority to detain, and were instead arguing the standards applicable to the detention decision.

authority to detain, as does 18 U.S.C. § 401); *U.S. v. Richardson*, 2025 WL 998884 (E.D.N.C. Mar. 11, 2025)(*Mercado*'s construction of Rule 32.1 (a)(6) is incorrect because it results in a nullity).

After considering the legal arguments made by counsel at the time of the hearing, and informed by the reasoning of the above-referenced cases, the Court concludes that it does have authority to detain Mr. DeShaw under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a)(1). First, the *Mercado* court disregards Supreme Court and Second Circuit authority that attributes sanctions for supervised release violations to the original conviction, which is the opposite conclusion reached by *Mercado*. *Malta*, * 6-7, citing *Johnson v. U.S.*, 529 U.S. 694, 701 (2000) and *U.S. v. McNeil*, 415 F.3d 273, 277 (2nd Cir. 2005). The Ninth Circuit has similarly noted that "[b]y the plain language of the statute, supervised release, although imposed in addition to the period of incarceration, is 'a part of the sentence.'" *U.S. v. Soto-Olivas*, 44 F.3d 788, 790 (9th Cir. 1995) (citations omitted). Accordingly, a defendant before the court on an allegation of violating a condition of supervised release has in fact been found guilty of the underlying offense and is awaiting imposition of that portion of the sentence attributable to the violation.

The Court also agrees that the courts have inherent authority under the Judiciary Act and 18 U.S.C. § 401(3) to detain individuals. At the hearing, counsel argued that if the Judiciary Act and contempt statute were so broadly construed, it

would give unfettered authority to the judiciary to randomly detain citizens for no reason. But nothing in *Mercado* suggests that, once statutory authority is found, the courts would not be subject to, and guided by, Rule 32.1 and § 3143(a). If the basis for concluding the courts lack authority to detain is the Non-Detention Act's requirement that an Act of Congress provide authority, the court finds that both the Judiciary Act and § 401 provide the authority.[2]

Finally, the Court notes the quandary defendants would face if *Mercado* is accurate: if § 3143(a)(1) does not apply to supervised release proceedings, then Rule 32.1(a)(6) is a nullity, and the court cannot determine whether a defendant is eligible for release. In other words, if a defendant has been arrested on a release violation pursuant to 18 U.S.C. § 3606 (as opposed to appearing on a summons), the court has no mechanism to determine if there are conditions upon which the defendant can be released pending the outcome of the revocation proceedings. That would indeed be, as noted in *Richardson*, a pyrrhic victory and an unfortunate result for the defendant who would otherwise be entitled to argue for release under § 3143(a)(1). Of course, such a conclusion is also directly contrary to *Loya* and the

[2] This conclusion is further buttressed by the Ninth Circuit's characterization of supervised release revocation hearings as "akin to summary contempt prosecutions." *Soto-Olivas*, 44 F.3d at 792.

Ninth Circuit's holding requiring the release analysis for defendants alleged to have violated conditions of supervised release.

## CONCLUSION

For the reasons stated in open court, and as discussed above, the Court declines to adopt the reasoning in *Mercado* and finds there is statutory authority to to detain Mr. DeShaw pending the outcome of his final revocation hearing.

DATED this 7th day of April, 2025.

Kathleen L. DeSoto
United States Magistrate Judge